[Crim. No. 621.  In Bank.—August 23, 1900.]

## THE PEOPLE, Respondent, v. EPIGMENIO MELENDREZ, Appellant.

CRIMINAL LAW—HOMICIDE—MANSLAUGHTER—MISTAKE OF DEFENDANT— PURSUIT OF UNKNOWN FUGITIVE FROM JUSTICE.—If a defendant accused of murder mistook the deceased, who was shot while running from him after being ordered to stop, for a fugitive from justice unknown to the defendant, who had stabbed another man, and of whom the people of the village, including the defendant, were in pursuit, and if the killing was the result of such mistake, it was without malice, and could not amount to more than manslaughter.

ID.—REASONABLE CAUSE FOR MISTAKEN BELIEF—PROVINCE OF JURY—IMPROPER INSTRUCTION.—Where there is a state of the evidence from which the jury might find that the killing was the result of a mistake in attempting to arrest the wrong person, while lawfully seeking to arrest a fugitive who had committed a felony, it is the province of the jury to determine whether the defendant had reasonable cause to believe that the deceased was the person who had committed the felony; and an instruction taking that question from the jury, and stating that in contemplation of law, assuming all the evidence to be true,

the defendant had no reasonable cause so to believe, and that he was guilty of an unlawful act if he attempted forcibly to arrest the deceased, is improper, and derogates from the constitutional functions of the jury.

ID.—QUESTION OF LAW AS TO REASONABLE CAUSE—APPLICABILITY OF RULE.—The rule applied in favor of a defendant, that where, upon the undisputed facts before the jury, the defendant had reasonable cause to believe at the time of the killing that the deceased had committed a felony, it was the duty of the court so to instruct the jury, cannot be applied against the defendant in a criminal case to establish a want of probable cause for a mistaken belief.

ID.—REASONABLE DOUBT—ABSENCE OF MALICE—IMPROPER INSTRUCTION.—An instruction to the effect that before the jury would be warranted in returning a verdict of manslaughter they should be satisfied from the evidence beyond a reasonable doubt that the defendant without malice killed the deceased is erroneous; and though the law is elsewhere correctly given, the error cannot be deemed without prejudice, where the court took the question of acquittal from the jury, and left it to them only to determine the grade of the offense.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. E. S. Torrance, Judge.

The facts are stated in the opinion.

Omar Bushnell, for Appellant.

Tirey L. Ford, Attorney General, and A. A. Moore, Jr., Deputy Attorney General, for Respondent.

SMITH, C.—The defendant was convicted of the crime of murder in the second degree, and appeals from the judgment and from an order denying a new trial.

The killing took place in the county of San Diego, near the village of Hedges. A man had been stabbed there by one Rosales, who had escaped. The people of the village, or many of them, including the defendant, were in pursuit of the fugitive, who—as also the deceased—was not personally known to the defendant. In the course of the pursuit the defendant came upon the deceased—a colored man, named John Lee—and shot him while running away. According to the testimony of defendant, he called on the deceased several times to halt. Deceased then turned around and drew a pistol, and defend-

ant, believing he would shoot, fired upon him; upon which deceased turned and ran, and defendant fired upon him a second and a third time.   The deceased fell at the third shot.   The same account substantially was given by the defendant, in answer to questions of one of the witnesses for the prosecution, immediately after the transaction.   The account given by the other witnesses for the prosecution—who saw the transaction from a distance—was substantially to the same effect, except that they did not hear what was said or see the deceased draw the pistol.   But one of them testifies to seeing the defendant pick up the pistol from the ground at or near the place where the deceased was when the first shot was fired.

Were this all the evidence in the case, the inference would be irresistible that the defendant mistook the deceased for the fugitive when he and the rest were in pursuit, and that the killing was the result of this mistake.   And from this it would follow that the killing was without malice, and consequently could not amount to more than manslaughter.   (Pen. Code, sec. 7, subd. 4, 20, 190; 1 Wharton's Criminal Law, secs. 87, 410, 434, 492; 1 Bishop's Criminal Law, secs. 303, 305.)   Nor is there anything in the record to rebut this presumption, unless it be the testimony of one Bernal, to the effect that defendant, in starting on the pursuit, said, "I am going to shoot the first son of a bitch I meet"; which was the only evidence in the case tending to show malice.   But this testimony was contradicted by the defendant, who denies he made any such threat, and his testimony is corroborated by one Antunez, who was present during the time to which Bernal's testimony refers and heard no such remark.

1. Upon this state of the evidence the court—after instructing the jury that "a private person may arrest another when a felony has been in fact committed, and he has reasonable cause for believing the person arrested to have committed it"—further instructed them that "whether the facts and circumstances established by the evidence will constitute reasonable cause for believing that a person attempted to be arrested has committed a felony, is a question of law to be determined by the court, and cannot . . . . be left to the determination of a jury"; and accordingly the court instructed the jury as follows: "I am satisfied, assuming all the testimony to be true

upon the question of probable cause, that in contemplation of the law the defendant had no reasonable cause to believe that John Lee was the person who had committed the felonious assault upon Charles Salamon; and, this being true, he was guilty of an unlawful act, in case you find from the evidence that he was attempting forcibly to arrest John Lee."

As it was an admitted fact in the case that at the time of the killing the defendant "was attempting forcibly to arrest John Lee," this instruction cannot otherwise be regarded than as, in effect, an instruction to find the defendant guilty; for the killing of a man "in the commission of an unlawful act" is, at least, manslaughter (Pen. Code, sec. 192, subd. 2); and the jury were in fact, in the next paragraph, thus expressly instructed. Thus the sole issue left for the jury to determine was as to the grade of the offense—whether murder or manslaughter.

Presumably these instructions were based on the authority of the decision in *People v. Kilvington,* 104 Cal. 86[1]; but in that case the point decided was merely that, upon the facts established by the evidence without contradiction, "the defendant had reasonable cause to believe at the time of the killing that the deceased had committed a felony." Thus the ruling was in favor of the defendant; and doubtless, whether as to probable cause or any other matter of defense, where, on the undisputed facts, the defense is established, it is the duty of the court so to instruct the jury. But it does not follow that, upon this or any other issue, the court is at liberty to instruct the jury that the defendant has failed to make out his defense. Nor is it to be presumed that in the case cited the court intended so to rule; for this would be to derogate from the constitutional functions of the jury. (Const., art. I, sec. 7.) And in fact there is nothing in the decision to indicate such an intention. The court simply applied in favor of the defendant the rule established in civil cases for malicious prosecution or false imprisonment; which is, that to establish probable cause "there must be such a state of facts as would lead a man of ordinary care and prudence to believe or entertain an honest and strong suspicion that the person is guilty." But this rule has never

---

[1] 43 Am. St. Rep. 73.

been applied, as against the defendant in a criminal case, to establish a want of probable cause for a mistaken belief, nor should it be. For in such cases the degree of intelligence evinced by the defendant must always be an important element in determining his guilt. Nor is it reasonable that the same rule should be applied to all of a class, including individuals of all grades of intelligence, from the least to the highest. At least, if this or any other artificial rule is to be applied as establishing the guilt of the accused, it must be the province of the jury to apply it.

2. Under the instruction we have been considering, the jury, as we have observed, were bound to find the defendant guilty either of murder or of manslaughter; and the sole issue left to them was to determine the grade of the offense. On this state of the issues the court, after instructing the jury as to the evidence necessary to justify a finding of murder in the first or of murder in the second degree, instructed them in effect that before they would be warranted in returning a verdict of manslaughter they should be satisfied from the evidence, "beyond a reasonable doubt," that "the defendant without malice killed John Lee," etc.; which was in effect to instruct them that they were to find the defendant guilty of murder unless they were satisfied beyond a reasonable doubt that the killing was without malice. This was doubtless an inadvertence on the part of the court, and the law is correctly given in another part of the charge. But in view of the fact that the question of acquittal had in effect been already withdrawn from the jury, the instruction could not well have been otherwise understood than as expressed.

We advise that the judgment and order denying a new trial be reversed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are reversed.

Garoutte, J.,      Harrison, J.,<br>
.Van Dyke, J.,      Temple, J.,<br>
McFarland, J.